WEBB, JUDGE:
The claimant brought this action for damages she alleges were caused when her vehicle encountered high water on a road maintained by the respondent in Kanawha County. The Court is of the opinion to make an award in this claim as stated more fully below.
The incident giving rise to this claim occurred on January 19, 1996, at approximately 10:30 p.m. The claimant was driving west on Route 25 and turned on Willow Drive (Route 25/16). The weather was dark and cold, and in the days immediately prior to the accident, there had been considerable precipitation. The evidence adduced at hearing was that the claimant encountered high water on Willow Drive and became trapped in her 1991 Oldsmobile Cutlass Calais. The claimant managed to signal for help and rescue vehicles were called. Eventually, the claimant was rescued from her vehicle and taken to Thomas Memorial Hospital, where she was treated for exposure and released early the following morning.
The claimant’s vehicle was declared a total loss and was covered by her insurance. The claimant sustained no permanent physical injuries and her medical bills for her hospital treatment were likewise paid by insurance. The claimant has alleged various damages, including emotional trauma and various miscellaneous costs including rental car, lost shoes, and the comparative costs for a new car.
Willow Drive is a single-lane road, approximately 900 feet long, that is low priority in terms of maintenance. The posted speed limit is 25 miles per hour. There is a significant drop of roughly 30 feet between Route 25 on the north end and Haynes Avenue on the south end. At the low point in the road, roughly at the half-way point, there is a culvert pipe that is approximately 48 inches in diameter. There are no ‘High Water’ signs posted on this road. The change in elevation is noticeably more precipitous from the Haynes Avenue side of the road.
*71 The claimant’s evidence established that Willow Drive is prone to flooding and is located partly within a 100-year flood plain. Indeed, the claimant introduced photographs taken after the accident showing that the high-water mark could reach well above the road surface. The claimant testified that she was unable to see the water in time to avoid driving into it. One witness who lived in the area testified that the lighting was insufficient and motorists could not see high water. He testified that there had been at least one prior flood-related accident and that he had complained to the respondent on several occasions about flooding and lack of warning signs.
It was the respondent’s position that it had no prior notice of a flooding hazard on Willow Drive and that it therefore cannot be held liable. The respondent also contended that the claimant assumed the risk of driving through the water, and therefore was contributorily negligent. The evidence further indicated that the respondent did not have a regular practice of installing ‘High Water’ signs in known flood prone areas.
While the state is neither an insurer nor a guarantor of the safety of motorists upon its roads, it does owe a duty of reasonable care and diligence in maintaining roads and highways. Jones vs. Dept. of Highways, 16 Ct. Cl. 36 (1985). The Court, after careful review of the evidence, is of the opinion that the respondent had reason to know of propensity of Willow Drive to flood and that there was insufficient drainage on the road. The Court finds that the respondent failed to take reasonable remedial measures, such as installing ‘High Water’ signs. Therefore, the Court is of the opinion that the claimant is entitled to an award.
The claimant submitted a number of documents and bills representing her economic losses. The claimant’s vehicle was valued at $6,110.50, and she received $5,618.16 in insurance payments. The difference, therefore, was $492.34. Her other bills were as follows:
$479.02 representing repair work on her old vehicle approximately two months prior to this accident;
$231.65 for medical treatment, which was paid by claimant’s insurance;
$170.24 for a rental car costs;
$52.00 for shoes;
$19,070.70 for the purchase of a new car.
The Court will disregard all bills paid by insurance and will further disregard the bill for repairs to the claimant’s vehicle prior to this incident. The Court is of the opinion that the claimant is entitled to an award for her direct economic losses as follows: $492.34 representing the difference in the value of her old vehicle and the amount she received from her insurance policy; $170.24 for a rental car; and $52.00 for shoes. The Court is of the opinion that the claimant suffered considerable emotional trauma as a result of being trapped in her car and therefore is of the opinion to make an award in the amount of $6,800 to compensate the claimant for her trauma. In view of the foregoing, the Court makes an award in the total amount of $7,514.58.
Award of $7,514.58.